IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MERLIN A. LITTLETON                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 4:06cv93-JCS

B. GRIMES, et al.                                                     DEFENDANTS


OPINION AND ORDER

Plaintiff, a state inmate in the custody of the Mississippi Department of

Corrections, brought this action pursuant to 42 U.S.C. § 1983 alleging prison officials

violated his constitutional right to access to the courts by confiscating some of his legal

papers.  According to the complaint and Littleton's testimony at the *Spears*[1] hearing, this

act by prison officials interfered with his preparation in his federal habeas proceeding of

his application for a certificate of appealability (COA), which was denied by the Fifth

Circuit Court of Appeals.   A review of Plaintiff's federal habeas case, which was

adjudicated in this court, indicates that Plaintiff filed a timely application with the court of

appeals for a COA which was supported by a memorandum of authorities over twenty

pages in length. The memorandum is thorough and includes many citations to case law.

The application was subsequently denied.

In order to state a claim for a violation of the constitutional right of access to the

courts, a prisoner must allege actual injury, *i.e.*, that prison officials interfered with his

ability to assert a valid legal claim.  *Lewis v. Casey*,  518 U.S. 343, 350-51 (1996).

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

The court concludes that Plaintiff has failed to state a claim for violation of his right to access to the courts because he has failed to allege an injury.   Plaintiff alleged no specific injury in his complaint, and at the Spears hearing Plaintiff unable to specify how the confiscation of his materials contributed to the denial of his COA application or how Defendants' actions hindered or limited his ability to prepare the application.  He could not identify any way in which his application would have differed nor any argument which he could have presented more effectively had his materials not been confiscated. Because Plaintiff has failed to state a claim for a constitutional violation, this action is hereby dismissed with prejudice.

A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 8th day of August, 2007.

/s/ James C. Sumner

_____

UNITED STATES MAGISTRATE JUDGE